**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alfred AGUINIGA–HEREDIA,
Defendant–Appellant.**

No. 00–50572.
D.C. No. CR–00–1069–JTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2001.

Withdrawn from Submission May 2, 2001.

Decided Oct. 22, 2002.

Before BOOCHEVER and
SILVERMAN, Circuit Judges, and
GEORGE,* District Judge.

MEMORANDUM **

Alfredo Aguiniga–Heredia pled guilty to one count of importation of marijuana in violation of 21 U.S.C. §§ 952 and 960. The district court sentenced Aguiniga–Heredia to eighteen months in custody. Aguiniga–Heredia appeals, and we affirm.

Aguiniga–Heredia's argument that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), renders §§ 952 and 960 unconstitutional is foreclosed by *United States v. Buckland*, 289 F.3d 558 (9th Cir.2002) (en banc) and *United States v. Mendoza–Paz*, 286 F.3d 1104,

1109–10 (9th Cir.2002). His further argument that the government was required to allege type and quantity of controlled substance is foreclosed by *United States v. Carranza*, 289 F.3d 634 (9th Cir.2002). "*Apprendi* did not change the long established rule that the government need not prove that the defendant knew the *type* and *amount* of a controlled substance that he imported or possessed; the government need only show that the defendant knew that he imported or possessed *some* controlled substance." *Id.* at 644 (emphasis in original).

AFFIRMED.

---

* The Honorable Lloyd D. George, Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.